SUCESIÓN DE RAMÓN CUADRA RODRÍGUEZ y MARÍA JOSÉ GÓMEZ, compuesta de sus hijos JUAN, PEDRO, FRANCISCO y AURELIA CUADRA GÓMEZ, y su nieta ADELAIDA CUADRA CEDILLO, demandantes y apelantes, *v.* JOSEFA LÓPEZ CUADRA y su esposo MANUEL BUSTELO GOODMAN, demandados y apelados.

No. 4564.—*Sometido:* Noviembre 14, 1929. *Resuelto:* Mayo 27, 1930.

*González Fagundo & González Jr.,* abogados de los apelantes; *Arturo Aponte,* abogado de los apelado's.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

En el epígrafe aparece una pluralidad de demandantes, pero todas las personas interesadas en este litigio cedieron sus derechos a una sola, que será conocida como el demandante en este caso.

En 1885 el causante del aquí demandante traspasó una finca a Pedro Regalado López, causante de los demandados. Todas las partes admiten que la escritura del terreno describía la finca enajenada como compuesta de unas quince cuerdas. Hubo prueba tendente a demostrar que dicho López tomó posesión no sólo de las quince cuerdas, sino de otros terrenos que, de conformidad con la demanda y con alguna de la prueba, ascendían a 24 cuerdas adicionales. Este pleito fué instado para recobrar los terrenos adicionales que se alegaba medían nominalmente 24 cuerdas. Los demandados niegan tener terreno alguno del demandante, pero alegan que cualesquiera terrenos que tengan, han estado en posesión de ellos y de sus causantes por más de treinta años, y que la acción entablada por el demandante ha prescrito a tenor del artículo 1864 del Código Civil. La corte resolvió que esta defensa interpuesta por los demandados procedía, y que, en efecto, la acción estaba prescrita con arreglo al citado artículo 1864.

El apelante sostiene correctamente que la acción del de-

mandante sólo prescribió desde el momento en que él o su causante pudieron haber entablado una acción de reivindicación. Como base para su señalamiento de error, sin embargo, insiste en que hay prueba tendente a demostrar que Pedro Regalado López poseía originalmente los terrenos adicionales como arrendatario del citado causante del demandante. Al llegar a la conclusión y al resolver que la acción estaba prescrita, la corte dijo lo siguiente:

"Y dada la prueba presentada para probar tal extremo, (el arrendamiento), sentimos una gran duda con respecto a la existencia del mismo, ya que los testigos difieren en la forma, lugar y tiempo en que tal contrato se realizó y demás pormenores del mismo."

La idea del apelante es que la prueba no controvertida del demandante demostró que se hizo tal arrendamiento a Pedro Regalado López.

Es indudablemente cierto, de acuerdo con la Ley de Evidencia que la evidencia directa de un testigo que merezca entero crédito, es prueba suficiente de cualquier hecho, salvo perjurio o traición; y también es cierto que se presume que un testigo dice la verdad. Empero, estos preceptos en forma alguna impiden que una corte, no dé crédito a la declaración de un testigo o de una serie de testigos.

Este es un caso en que los testigos del demandante, alegaron que en 1921 la finca fué cedida en arrendamiento a Pedro Regalado López oralmente. Tal manifestación después de un lapso de tantos años, habiendo muerto los causantes, exigía prueba robusta. Hemos examinado la prueba que el apelante no trata de analizar cuidadosamente, y también creemos que, en general, era indefinida, y que la corte tenía derecho a no darle crédito.

Según ha sucedido en otros casos, lamentamos que el apelado haya dejado de ayudar al tribunal radicando un alegato.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Hutchison no intervino.